Submitted on remand from the Oregon Supreme Court August 19, reversed and remanded October 2, 2019

In the Matter of G. D.-J. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. A. B.,
aka R. A. E.,
*Appellant.*

Washington County Circuit Court
17JU03655; A167079 (Control)

In the Matter of E. R. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. A. B.,
aka R. A. E.,
*Appellant.*

Washington County Circuit Court
17JU03656; A167080

452 P3d 1078

This case comes before the Court of Appeals on remand from the Oregon Supreme Court in light of its recent decision in *State v. Black*, 364 Or 579, 437 P3d 1121 (2019). In *Dept. of Human Services v. R. A. B.*, 293 Or App 582, 591, 49 P3d 426 (2018), the Court of Appeals held that the juvenile court did not commit reversible error when it excluded the testimony of one of mother's expert witnesses as a discovery sanction for failing to produce a report from that witness to the Department of Human Services and the children's counsel. *Held*: In light of the recent guidance provided by the Oregon Supreme Court in *Black*, and based on this record, the error was not harmless.

Reversed and remanded.

On remand from the Oregon Supreme Court, *Dept. of Human Services v. R. A. B.*, 365 Or 369, 451 P3d 980 (2019).

Oscar Garcia, Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

This case comes before us on remand from the Oregon Supreme Court in light of its recent decision in *State v. Black*, 364 Or 579, 437 P3d 1121 (2019). In our original opinion, we held that the juvenile court had erred by excluding the testimony of one of mother's expert witnesses, Poppleton, as a discovery sanction for failing to produce a report from Poppleton to the Department of Human Services (DHS) and the children's counsel. *Dept. of Human Services v. R. A. B.*, 293 Or App 582, 589-91, 429 P3d 426 (2018). However, relying on our decision in *State v. Black*, 289 Or App 256, 264, 407 P3d 992 (2017), *rev'd*, 364 Or 579, 437 P3d 1121 (2019), wherein we held that such testimony was "tantamount to providing the expert's view on whether the child witnesses were likely telling the truth in their interviews" and therefore impermissible vouching, we concluded that the trial court did not commit reversible error in excluding Poppleton's testimony. *R. A. B.*, 293 Or App at 590. Now, in light of the guidance provided by the Supreme Court in *Black*, 364 Or 579, we reach a different result; the record in this case does not satisfy us that the error was harmless. Accordingly, we modify our disposition, and reverse and remand to the juvenile court.

Our original harmless error analysis, based on our opinion in *Black*, 289 Or App 256, stated that

> "all three sentences of mother's offer of proof identified impermissible commentary on the evidence: (1) 'Dr. Poppleton would testify to the fact that the children's interview responses as found in the CARES report of August 16, 2016, should be looked at with an eye of skepticism'; (2) 'that the interview did not appear to be done correctly, or rather, in a way that would decrease the reliability when looked at in the context of the development and memory of these children'; and (3) 'that the prior interview that had been done on January 20th, 2016, also should be looked at with skepticism due to the same problems.'"

*R. A. B.*, 293 Or App at 591.

The testimony here closely mirrors the proposed testimony in *Black*. However, in *Black*, the Supreme Court declined to label all of that testimony as vouching, noting

that testimony as to interview methods could potentially be admissible, but required evaluation under multiple sections of the Oregon Evidence Code:

> "Because, under [*State v.*] *Southard* [347 Or 127, 218 P3d 104 (2009)], it is OEC 403 and OEC 702 that make a diagnosis of sex abuse inadmissible when it is not based on physical evidence, it is logical to conclude that it also is those rules of evidence that make testimony about the criteria used in such a diagnosis inadmissible.

> "*  *  *  *  *

> "Applying the foregoing to the evidence at issue here, Johnson's proposed testimony would not have provided jurors with his opinion on the truthfulness of GP or JN. Rather, Johnson's testimony would have identified the ways in which the interviews of GP and JN fell short of established interviewing protocols and would have provided information that would have been helpful to the jury in assessing the credibility of those witnesses. The trial court erred in concluding that the testimony would have been impermissible vouching and in prohibiting it under that rule."

364 Or at 592-94.

Here, because of the predicate ruling excluding such testimony for discovery reasons, neither the litigants nor the juvenile court proceeded to a point where they considered the evidentiary admissibility of Poppleton's proposed testimony. As we explained in our previous opinion, that was error. *R. A. B.*, 293 Or App at 591. Mother could advance reasonable arguments that at least some of Poppleton's testimony is admissible; and a juvenile court, relying on *Black*, could potentially conclude that the Oregon Evidence Code does not prohibit admission. Poppleton's testimony, if it were admitted, would be highly relevant to a trier of fact. Accordingly, we cannot conclude, based on this record, that the error is harmless.

Reversed and remanded.